Blanche M. Haines v. Commissioner.
Haines v. Commissioner
Docket No. 110769.
United States Tax Court
1943 Tax Ct. Memo LEXIS 254; 2 T.C.M. (CCH) 257; T.C.M. (RIA) 43279; June 11, 1943
*254 Walter E. Travers, Esq., 811 Harvey Bldg., West Palm Beach, Fla., for the petitioner. Charles P. Bagley, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: This case involves income tax for the calendar year 1940. Deficiency was determined in the amount of $1,585.62. The two questions presented are whether the petitioner is taxable upon income of an estate received by her upon final distribution of the estate and as sole legatee; also whether she is taxable on the amount of $1,000 received by her as a widow's allowance, during the pendency of the administration of the estate and prior to final distribution. The essential facts are that the petitioner is the widow of Thomas J. Haines, who died on May 22, 1940, and who devised all of his estate, consisting only of personalty, to the petitioner. No provision was made by the will for the payment of income of the estate to the petitioner. The will was duly probated in Michigan, on June 25, 1940, the petitioner being appointed executrix. Upon June 25, 1940 the Probate Court ordered a widow's allowance paid to the petitioner and thereunder she received $250 per month for four months totaling $1,000. The order recites that *255 the allowance is granted "out of the estate of said deceased". On September 20, 1940 the petitioner filed her final account as executrix and upon September 24, 1940 the court distributed the entire estate to the petitioner. The net taxable income of the estate upon the final distribution upon September 24, 1940 was $6,334.20. The executrix filed a fiduciary income tax return and paid the tax on that amount. Except for the amounts received as widow's allowance under the Probate Court, the petitioner received nothing from the estate prior to final distribution thereof. Is the petitioner taxable upon the income of her husband's estate, which she received only upon final distribution thereof, to her as sole legatee? This question has been several times decided. In , we held that estate income received by a legatee only upon final distribution, is received as a nontaxable legacy. The respondent urges that such conclusion was error. We hold the same in ; and , , *256 are to the same effect. See also . We conclude and hold that the petitioner is not taxable upon the estate income of $6,334.20. Was she taxable upon the $1,000 received as widow's allowance? The petitioner does not explain the theory upon which it is contended that this amount is free from taxation except to state that it "is not taxable to the petitioner in accordance with sec. 19.162-1 of Regulations 103" and does not answer the respondent's contention that the amount of the widow's allowance is under the law of Michigan a charge against the corpus and must be considered paid therefrom and not from income. We presume that the petitioner's view is that income devoted to a widow's allowance not being deductible from the estate, is taxable to it and not to her as recipient. The law of Michigan on this subject was examined by us in . We there held that a widow's allowance paid during administration of an estate is not an allowable deduction from income of the estate, although there the Probate Court ordered the widow's allowance paid out of *257 income. Here the order was that the allowance be paid "out of the estate". We held that the payment of the widow's allowance is a cost of and attaches to the administration and settlement of the estate, saying that the widow received the widow's allowance "not as a legatee, heir, or beneficiary of the estate, but as the widow of the deceased and by virtue of the statute." Regulations 103 sec. 19.162-1, as the petitioner says, states that "A statutory allowance paid a widow is not deductible from gross income." Reference is of course to the gross income of the estate there being discussed. It does not follow, however, that merely because the widow's allowance is not deductible by the estate from its gross income, that when received by the widow it is non-taxable to her; for as we held in the Franklin case, supra, it was not payable from the income of the estate. In the Franklin case we also considered a contention that, even though the widow's allowance was a charge against corpus, the widow received only that to which she was entitled under the will. We said that the widow's allowance was paid to her as a widow, and regardless of any provisions of the will, and pointed *258 out that it was discretionary with the Probate Court as to the amount to be paid. The widow's allowance, then, may not be considered as legacy from the estate. See also , involving a California statute essentially the same as that of Michigan. In addition, there is no evidence in the record herein as to whether the widow's allowance was paid from income or from corpus. We conclude and hold that the petitioner has not shown the $1,000 received by her to be non-taxable income. Decision will be entered under Rule 50.